Argued and submitted March 19, affirmed September 10, 1986

NYMAN,
*Appellant,*

*v.*

LANG,
*Respondent.*

(83-1452 C; CA A35716)

724 P2d 944

Philip Bennett, Portland, argued the cause for appellant. On the brief was Robert L. McKee, Portland.

Jack D. Hoffman, Portland, argued the cause for respondent. With him on the brief were Dunn, Carney, Allen, Higgins & Tongue, and G. Kenneth Shiroishi, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

**DEITS, J.**

Plaintiff appeals from a judgment entered after a special jury verdict finding that defendant was not negligent. Plaintiff alleged that she was running on the side of the road when she was struck by defendant's truck. Following presentation of all the evidence, the trial court struck plaintiff's allegation that defendant failed to yield the right of way and refused to give plaintiff's requested jury instruction regarding a pedestrian's right of way on a sidewalk. Because there was no evidence from which the jury could have determined that plaintiff was on a sidewalk, we affirm.

Plaintiff was jogging along a two-lane highway through a mixed residential/commercial neighborhood. In the general vicinity of the collision, a white fog line marks the outer edge of the roadway. Asphalt pavement extends outward from the fog line toward the abutting property. In the area where plaintiff testified that the collision occurred, the highway surface changes from smooth asphalt to rough asphalt before it merges into a gravel parking lot. There is no clearly demarcated driveway and no curb.

According to defendant's testimony, the collision occurred in a slightly different area. He testified that he was leaving a paved parking lot through a driveway between two curbs, where the asphalt surface of the street extends to the curb. The nature of the area between the fog line and the parking lot or curb in either possible location is essentially the same. Both areas are substantially the same in size. They are at least wide enough for large commercial trucks. The areas are both used regularly by joggers.

Plaintiff and defendant also disagree as to where plaintiff was when the injury occurred. Plaintiff testified that she was between the fog line and the parking lot. Defendant's testimony suggested that plaintiff was in the road.

Defendant requested jury instructions on a pedestrian's duty to yield the right of way on a roadway to a vehicle, *former* ORS 487.325(1), and a pedestrian's failure to use an adjacent shoulder or sidewalk, *former* ORS 487.320(1). The trial court granted defendant's requests and summarized the following statutory definitions in the jury instructions:

" 'Sidewalk' means:

"(a)   On the side of a highway which has a shoulder, that portion of the highway between the outside lateral line of the shoulder and the adjacent property line capable of being used by a pedestrian, or

"(b)   On the side of a highway which has no shoulder, that portion of the highway between the lateral line of the roadway and the adjacent property line capable of being used by a pedestrian.[1]

" 'Shoulder' means that portion of the highway, whether paved or unpaved, contiguous to the roadway primarily for use by pedestrians, for the accommodation of stopped vehicles, for emergency use and for lateral support of base and surface courses.[2]

" 'Roadway' means that portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the shoulder."[3]

■      Plaintiff requested an instruction based on *former* ORS 487.340(1),[4] which provided:

"A driver commits the offense of failure to yield the right of way to a pedestrian if he does not yield the right of way to any pedestrian on a sidewalk."

Plaintiff assigns as error the court's failure to give this instruction. The trial court apparently determined, by observing photographic exhibits, that there was a "shoulder." It then apparently also concluded that, in the absence of specific testimony regarding the location of the adjoining property line, there was no "proof" that plaintiff was on a sidewalk. We believe the trial court was correct that there was no evidence from which the jury could determine that plaintiff was on a sidewalk. Both definitions of "sidewalk" under *former* ORS

---

[1]*Former* ORS 487.005(19), *repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 89 (now ORS 801.485), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[2]*Former* ORS 487.005(18), *repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 88 (now ORS 801.480), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[3] *Former* ORS 487.005(17), *repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 83 (now ORS 801.450), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

[4] *Repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 547(1) (*now* ORS 811.025(1)), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

487.005(19) depend upon the location of the "adjacent property line." Nowhere in the testimony and exhibits is the "adjacent property line" demarcated. In the absence of such evidence, an instruction on the pedestrian's right of way on a sidewalk would be irrelevant and misleading. The court therefore correctly declined to grant plaintiff's requested instruction.

■        Plaintiff also assigns error to the trial court's misquotation of two statutes in the jury instructions. In reading from *former* ORS 487.300(1),[5] the trial court said, "A pedestrian shall not leave a curb or other place of safety and move into the path of a vehicle which is so close as to constitute an immediate hazard." The statute actually reads, "A pedestrian shall not *suddenly* leave a curb * * *." (Emphasis supplied.) In reading from *former* ORS 487.320(1) and (2), the judge said, "And a pedestrian commits the offense of improper use of the highway shoulder if in using the shoulder she does not position herself upon or proceed along and upon the roadway where there is an adjacent usable sidewalk or shoulder." The intended instruction was:

> "And a pedestrian commits the improper use of the highway shoulder if in using the shoulder she does not position herself upon or proceed along and upon the *shoulder* as far as practicable from the roadway edge * * *." (Emphasis supplied.)

Plaintiff argues that both errors were prejudicial. By omitting the word "suddenly" from *former* ORS 487.300(1), the trial court may have left the impression that a driver is relieved of liability for hitting a pedestrian whose movements he should have anticipated. By substituting the word "roadway" for "shoulder" in *former* ORS 487.320(1), the court may have indicated that plaintiff was required to be in the roadway rather than in the shoulder area.

We think that the misquotations do not constitute reversible error. In examining a claim of misreading of jury instructions, the particular errors must be considered in the light of the instructions as a whole. *Hansen v. Bussman,* 274 Or 757, 549 P2d 1265 (1976). Also, instructions are to be taken

---

[5] *Repealed by* Or Laws 1983, ch 338, § 978, and *replaced by* Or Laws 1983, ch 338, § 555 (now ORS 814.040), effective January 1, 1986. Or Laws 1983, ch.338, § 981.

as a jury would reasonably have understood them. *Forster v. Kawasaki Motors Corp.,* 73 Or App 439, 698 P2d 1001, *rev den* 299 Or 663 (1985). In the present case, the instructions as a whole make the law clear. The court instructed the jury that a pedestrian on a roadway must yield the right of way to a vehicle. It also stated that a pedestrian commits the offense of failure to use a sidewalk or shoulder if he positions himself on a roadway. It correctly read the statutory definitions of "shoulder" and "roadway," the former being intended for pedestrians and the latter for vehicles. Finally, the trial court noted that a driver commits the offense of failure to stop if he does not stop before driving onto a sidewalk from an alley. Taken together, the instructions made it clear that a driver must yield to pedestrians when pedestrians are not on the roadway.

The remaining assignments of error are without merit.

Affirmed.